NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0524n.06
Filed: June 17, 2005

Case No. 04-5867

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JOSEPH LANE; SEPTEMBER LANE, on behalf of herself and her minor child Ronald Lee Mealer, Jr.; MERLENE JOHNSON, | ) ) ) ) | |
| Plaintiffs-Appellees, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| v. | ) ) | |
| METROPOLITAN POLICE DEPARTMENT; METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| WILLIAM MACKALL; ROBERT DOAK, Detective; STEVEN HEWITT, Lt.; DAVID CORMAN, Sgt., | ) ) ) ) | |
| Defendants-Appellants. | ) ) ) | |

BEFORE: NELSON and BATCHELDER, Circuit Judges; O'MALLEY[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. Defendants-Appellants William Mackall, Robert Doak, Steven Hewitt, and David Corman, officers of the Nashville Metropolitan Police Department, appeal the district court's order denying their motion for summary judgment on the plaintiffs' Fourth Amendment excessive force claims. The sole issue on appeal is whether the

---

[*]The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

district court erred in denying these defendants qualified immunity. Because the district court has not entered an immediately appealable order in this case, we will dismiss this appeal for lack of jurisdiction.

On January 15, 2002, the plaintiffs were in their home in Nashville, Tennessee, when the Metropolitan Police Department's SWAT team, of which the defendants were members, executed a search warrant on the premises. Upon entering the house, officers Mackall, Hewitt, and Corman opened fire on a pair of dogs, which they say posed a threat to their safety. When the dust settled, the dogs, a basset hound and a boxer, lay dead from gunshot wounds, and Joseph Lane and Ronald Mealer Jr. had sustained injuries after being struck by fragments of bullets that the officers had fired at the dogs. Additionally, Joseph Lane, September Lane, and Ronald Mealer allege that various unidentified officers battered them while they were trying to surrender.

In October of 2002, the plaintiffs filed a complaint in United States District Court alleging various federal and state law claims arising out of the raid of their home. Following discovery, the defendants filed a motion for summary judgment, in which they raised the defense of qualified immunity. On June 25, 2004, the district court denied the defendants qualified immunity on the plaintiffs' claims of excessive force, but granted the motion in all other respects. The defendants' timely appeal followed.

Under the doctrine of qualified immunity "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity involves a three-step analysis:

First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Third, we determine whether the plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights."

*Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003) (quoting *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)). The Supreme Court has held that a district court's order denying a motion for summary judgment is an immediately appealable order where the defendant is a public official asserting a defense of qualified immunity and the issue appealed involves only questions of law and does not concern which facts the parties might be able to prove. *Mitchell v. Forsyth*, 427 U.S. 511, 528 (1985). In *Johnson v. Jones*, the Court clarified that a defendant may not appeal a district court's summary judgment order denying qualified immunity insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial. 515 U.S. 304, 319-20 (1995). Orders denying qualified immunity because genuine issues of material fact remain in dispute cannot be challenged on interlocutory appeal. *Wilhelm v. Boggs*, 290 F.3d 822, 825 (6th Cir. 2002).

The district court denied the defendants qualified immunity on the ground that material facts regarding this issue were in dispute. After reviewing the record, we conclude that while the defendants in this case may ultimately be entitled to qualified immunity, the facts necessary to determine that issue are genuinely in dispute. We therefore lack jurisdiction to hear this appeal. The appeal is **DISMISSED**.